ORIGINAL



NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102
    Facsimile: (213) 894-6269
    E-mail:   andrew.brown@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

            Plaintiff,

            v.

SAUL LAMAS-SANDOVAL,

            Defendant.

No. 20 CR 00081 -JFW

**PACKAGE**[1] PLEA AGREEMENT FOR
DEFENDANT SAUL LAMAS-SANDOVAL

1.    This constitutes the plea agreement between SAUL LAMAS-
SANDOVAL ("defendant"), and the United States Attorney's Office for

---

[1] Because this agreement obligates the government not to prosecute
defendant's nephews, as described in ¶ 4(c), the Court should make
an especially thorough inquiry as to voluntariness at the change of
plea hearing.  See United States v. Caro, 997 F.2d 657, 659 (9th Cir.
1993) ("Though package deal plea agreements are not per se
impermissible, they pose an additional risk of coercion not present
when the defendant is dealing with the government alone.")  Thus,
"the trial court should make a more careful examination of the
voluntariness of a plea when it might have been induced by threats
or promises from a third party." Id. (citation and quotation
omitted).

the Central District of California (the "USAO") in the above-
captioned case.   This agreement is limited to the USAO and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a)   At the earliest opportunity requested by the USAO and
provided by the Court, appear and plead guilty to Counts Two and
Three of the information, which charge defendant with giving a
gratuity to a public official, in violation of 18 U.S.C.
§ 201(c)(1)(A).

b)   Not contest facts agreed to in this agreement.

c)   Abide by all agreements regarding sentencing
contained in this agreement.

d)   Appear for all court appearances, surrender as
ordered for service of sentence, obey all conditions of any bond,
and obey any other ongoing court order in this matter.

e)   Not commit any crime; however, offenses that would be
excluded for sentencing purposes under United States Sentencing
Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are
not within the scope of this agreement.

f)   Be truthful at all times with Pretrial Services, the
United States Probation Office, and the Court.

g)   Pay the applicable special assessment at or before
the time of sentencing unless defendant lacks the ability to pay and
prior to sentencing submits a completed financial statement on a
form to be provided by the USAO.

h)   Not bring a post-conviction collateral attack on the conviction or sentence except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

i)   Not move to withdraw defendant's guilty pleas.

j)   Not file a notice of appeal, unless the term of imprisonment imposed exceeds four years.

k)   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

l)   Apply any cash appearance bond belonging to defendant and/or defendant's spouse and deposited by or on behalf of the defendant to the payment of any special assessment, fine, restitution or penalty imposed upon the defendant.

3.   Defendant further agrees to:

a)   Immediately and irrevocably forfeit, on behalf of defendant and any entity in which defendant has held an ownership interest or has served as an officer, director, manager, partner, trustee or other representative (which entities are collectively referred to herein as the "defendant entities" and include, without limitation, Ropa Moda Lamas, Inc. and Ropa Moda Lamas, Inc. dba Lamasini and dba Montero) to the United States of America any and all interests of defendant and the defendant entities, and each of them, to the following items (collectively referred to herein as the "Forfeitable Property"), which Forfeitable Property defendant and the defendant entities, and each of them, agree (1) constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 201; and (2) shall, at the sole election of the United States of America, be criminally forfeited or civilly forfeited, administratively or

1  judicially, pursuant to 18 U.S.C. § 981, 18 U.S.C. § 982, 28 U.S.C.

2  § 2461 or otherwise:

3         i)   approximately $262,448 in U.S. Currency seized

4  on or about March 13, 2019, during the execution of a search warrant

5  at Ropa Moda Lamas, Inc., located at 14534 Garfield Avenue in

6  Paramount, California;

7         ii)  approximately $1,333,369 in U.S. Currency seized

8  on or about March 13, 2019, during the execution of a search warrant

9  at a Buena Park, California residence;

10        iii) approximately $8,041 in U.S. Currency seized on

11  or about March 13, 2019, during the execution of a search warrant at

12  a Bellflower, California apartment and residence;

13        iv)  approximately $49,477.62 seized on or about

14  March 13, 2019, from JP Morgan Chase Bank account number 153960060;

15        v)   approximately $8,208.07 seized on or about March

16  13, 2019, from JP Morgan Chase Bank account number 153978700;

17        vi)  approximately $40,247.90 seized on or about

18  March 13, 2019, from JP Morgan Chase Bank account number 155028560;

19        vii) approximately $94,034 seized on or about March

20  13, 2019, from JP Morgan Chase Bank account number 155051100;

21        viii) approximately $5,419.55 seized on or about March

22  13, 2019, from JP Morgan Chase Bank account number 733613850;

23        ix)  approximately $13,741.45 seized on or about

24  March 13, 2019, from JP Morgan Chase Bank account number 733602309;

25        x)   approximately $7,021.26 seized on or about March

26  13, 2019, from JP Morgan Chase Bank account number 627511293;

27        xi)  approximately $9,819.44 seized on or about March

28  13, 2019, from JP Morgan Chase Bank account number 221085928;

1           xii)   approximately $8,661.49 seized on or about March
2   13, 2019, from JP Morgan Chase Bank account number 15365510;
3           xiii)   approximately $190,184.87 seized on or about
4   March 13, 2019, from JP Morgan Chase Bank account number 2919330990;
5           xiv)   approximately $105,468.97 seized on or about
6   March 13, 2019, from JP Morgan Chase Bank account number 153997610;
7           xv)   approximately $115,162 seized on or about March
8   13, 2019, from JP Morgan Chase Bank account number 153963710;
9           xvi)   approximately $212,312.48 seized on or about
10  March 13, 2019, from U.S. Bank account number 353407492514;
11          xvii)   approximately $200,820.33 seized on or about
12  March 13, 2019, from U.S. Bank account number 353407492456;
13          xviii)   approximately $200,820.33 seized on or about
14  March 13, 2019, from U.S. Bank account number 353407492498; and
15          b)   Pay $1,200,000 towards his restitution obligation to
16  the United States Postal Service at least thirty days before
17  defendant's sentencing.
18          c)   Deliver to the undersigned Assistant United States
19  attorney, within seven (7) calendar days of defendant's execution of
20  this plea agreement:  a stipulation and request to enter a consent
21  judgment of forfeiture in the form of Exhibit A, attached hereto,
22  executed by the attorneys for (a) defendant and the defendant
23  entities; (b) Ferreti Minerva, Inc. and Jose Huerta; (c) Marianita
24  Gonzalez, Abel Huerta and A & S Diva Fashion, Inc.; and (d) Martha
25  Valdez, which stipulation and request to enter a consent judgment of
26  forfeiture (together with the [proposed] consent judgment) defendant
27  agrees the United States of America can immediately file or lodge
28  with the Court upon execution by the above-referenced attorneys; and

5

d)    Hereby withdraw, on behalf of defendant and the defendant entities, any claim or petition for remission defendant or the defendant entities submitted to the United States Postal Service, the United States Postal Inspection Service, or any other federal agency in the administrative forfeiture proceedings commenced by that agency with respect to the Forfeitable Property. Defendant and the defendant entities, and each of them, further waive their respective rights, if any, to any further notice relative to the administrative forfeiture proceedings and understand, acknowledge and agree that defendant and the defendant entities' interests in the Forfeitable Property shall be administratively forfeited to the United States of America without any further notice.

e)    Refrain from contesting or seeking remission with respect to the Forfeitable Property (by filing a claim, statement of interest, petition for an ancillary proceeding, petition for remission or otherwise, whether on defendant's own behalf or on behalf of any defendant entities) of the Forfeitable Property in any administrative or judicial proceeding, or assisting any other person or entity in falsely contesting the forfeiture of the Forfeitable Property in any administrative or judicial proceeding.

f)    Take all steps necessary to pass to the United States of America clear title to the Forfeitable Property, including, without limitation, the execution of stipulations for the entry of consent judgments of forfeiture, consent directives and the completion of any other legal documents required for the transfer of title to the Forfeitable Property to the United States of America.

g)   The Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the Forfeitable Property.   Defendant knowingly and voluntarily waives (i) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment; (ii) all constitutional and statutory challenges in any manner (including by direct appeal, habeas corpus or any other means) to any forfeiture carried out in accordance with this agreement on any grounds; and (iii) all constitutional, legal and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.   Defendant also acknowledges and understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted.

h)   Forfeiture of the Forfeitable Property not being counted toward satisfaction of any (i) special assessment, fine, restitution, or any other penalty the Court may impose; or (ii) taxes, penalties, or interest owed to the Internal Revenue Service. (Although the USAO agrees to recommend that the forfeiture be counted toward restitution, as set forth in paragraph 4(d) below).

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

7

a)   Not contest facts agreed to in this agreement.

b)   At the time of sentencing, move to dismiss the remaining count of the information as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

c)   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not criminally prosecute defendant's nephews Abel or Jose Huerta for violations described in the discovery provided to defendant.

d)   Recommend that forfeiture of the assets described above may be counted toward satisfaction of any restitution the Court may impose to the extent that any monies forfeited or obtained as a result of the government's disposition of forfeited assets are remitted to one or more victims of the underlying offense who are identified in any such restitution order.

## NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of giving a gratuity to a public official, in violation of Title 18, United States Code, Section 201(c)(1)(A), the following must be true:  First, defendant gave something of value, in this case cash, to a postal employee; Second, defendant acted for or because of an official act performed or to be performed by the postal employee.

## PENALTIES AND RESTITUTION

6.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United

States Code, Sections 201(c)(1)(A), is: two years' imprisonment; a one-year period of supervised release; a fine of $250,000, or twice the gross gain or loss from the offense, whichever is greatest; and a mandatory special assessment of $100. Therefore the combined statutory maximum sentence that the Court can impose for both counts to which defendant is pleading guilty is:  four years' imprisonment; a one-year period of supervised release; a fine of $500,000, or twice the gross gain or loss from the offense, whichever is greatest; and mandatory special assessments of $200.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or

9

1   revocation of a professional license.   Defendant understands that

2   unanticipated collateral consequences will not serve as grounds to

3   withdraw defendant's guilty plea.

4   9.   Defendant understands that, because defendant is not a

5   United States citizen, the felony convictions in this case may

6   subject defendant to: removal, also known as deportation, which may,

7   under some circumstances, be mandatory; denial of citizenship; and

8   denial of admission to the United States in the future.   The court

9   cannot, and defendant's attorney also may not be able to, advise

10  defendant fully regarding the immigration consequences of the felony

11  convictions in this case.   Defendant understands that unexpected

12  immigration consequences will not serve as grounds to withdraw

13  defendant's guilty plea.

14  10.   Defendant understands that defendant will be required to

15  pay full restitution to the victims of the offense to which

16  defendant is pleading guilty.   Defendant agrees that, in return for

17  the USAO's compliance with its obligations under this agreement, the

18  Court may order restitution to persons other than the victims of the

19  offenses to which defendant is pleading guilty and in amounts

20  greater than those alleged in the count to which defendant is

21  pleading guilty.   In particular, defendant agrees that the Court may

22  order restitution to any victim of any of the following for any

23  losses suffered by that victim as a result: (a) any relevant

24  conduct, as defined in U.S.S.G. § 1B1.3, in connection with the

25  offenses to which defendant is pleading guilty; and (b) any counts

26  dismissed and charges not prosecuted pursuant to this agreement as

27  well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in

28  connection with those counts and charges.   The parties agree that

1  the applicable amount of restitution is **$6 million**, using the higher

2  retail mailing rate.

3                          FACTUAL BASIS

4      11.  Defendant admits that defendant is, in fact, guilty of the

5  offenses to which defendant is agreeing to plead guilty.  Defendant

6  and the USAO agree to the statement of facts provided below and

7  agree that this statement of facts is sufficient to support a plea

8  of guilty to the charges described in this agreement and to

9  establish the Sentencing Guidelines factors set forth below but is

10  not meant to be a complete recitation of all facts relevant to the

11  underlying criminal conduct or all facts known to either party that

12  relate to that conduct.

> Defendant gave a series of payments to a bulk mailing
> clerk at the post office to approve bulk mailing
> shipments.  In particular, on May 11 and again in
> November, 2018, defendant gave cash payments of about
> $7,000 each to postal employee Juan Caudillo because of an
> official act performed by Caudillo, namely, his certifying
> that earlier bulk mailings from companies defendant
> controlled were properly paid.

18                        SENTENCING FACTORS

19      12.  Defendant understands that in determining defendant's

20  sentence the Court is required to calculate the applicable

21  Sentencing Guidelines range and to consider that range, possible

22  departures under the Sentencing Guidelines, and the other sentencing

23  factors set forth in 18 U.S.C. § 3553(a).  Defendant understands

24  that the Sentencing Guidelines are advisory only, that defendant

25  cannot have any expectation of receiving a sentence within the

26  calculated Sentencing Guidelines range, and that after considering

27  the Sentencing Guidelines and the other § 3553(a) factors, the Court

28

will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

13.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 9 | U.S.S.G. § 2C1.2(a)(2) |
| Multiple gratuities: | +2 | U.S.S.G. § 2C1.2(b)(1) |
| Gratuities over $150K: | +10 | U.S.S.G. § 2C1.2(b)(2) |

Defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed, with the following exceptions:  the USAO reserves the right to argue for an obstruction of justice enhancement (Section 3C1.1), and acceptance of responsibility reduction (Section 3E1.1); and defendant reserves the right to argue for a reduction for acceptance of responsibility (Section 3E1.1), and downward departures under Sections 5K2.12 and/or 5K2.0.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a).

### WAIVER OF CONSTITUTIONAL RIGHTS

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a)  The right to persist in a plea of not guilty.

b)  The right to a speedy and public trial by jury.

c)  The right to be represented by counsel — and if necessary have the court appoint counsel — at trial.  Defendant understands, however, that, defendant retains the right to be

12

represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>LIMITED WAIVER OF DISCOVERY</u>

16. In exchange for the government's obligations under this agreement, defendant gives up any right defendant may have had to receive any additional discovery.

<u>ABANDONMENT OF DIGITAL DEVICES</u>

17. Defendant abandons all right, title, and interest defendant had in any of the digital devices seized by law enforcement officials in the investigation of defendant in this case, which defendant admits are instrumentalities of defendant's offense.

## WAIVER OF APPEAL OF CONVICTION

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19.   Defendant agrees that, provided the Court imposes a term of imprisonment of no more than four years, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $10,000,000; and (f) the conditions of probation or supervised release imposed by the Court.

20.   Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

21.   The USAO gives up its right to appeal any portion of the sentence.

14

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

23.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is

sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, (b) the USAO will be relieved of all its obligations under this agreement, and (c) defendant will still be bound by defendant's obligations under this agreement.

25.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a)   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b)   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c)   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of

1  the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

2  Criminal Procedure, or any other federal rule, that the statements

3  or any evidence derived from the statements should be suppressed or

4  are inadmissible.

5                  COURT AND PROBATION OFFICE NOT PARTIES

6      26.  Defendant understands that the Court and the United States

7  Probation Office are not parties to this agreement and need not

8  accept any of the USAO's sentencing recommendations or the parties'

9  agreements to facts or sentencing factors.

10      27.  Defendant understands that both defendant and the USAO are

11  free to: (a) supplement the facts by supplying relevant information

12  to the United States Probation Office and the Court, (b) correct any

13  and all factual misstatements relating to the Court's Sentencing

14  Guidelines calculations and determination of sentence, and (c) argue

15  on appeal and collateral review that the Court's Sentencing

16  Guidelines calculations and the sentence it chooses to impose are

17  not error, although each party agrees to maintain its view that the

18  calculations in the plea agreement are consistent with the facts of

19  this case.  While this paragraph permits both the USAO and defendant

20  to submit full and complete factual information to the United States

21  Probation Office and the Court, even if that factual information may

22  be viewed as inconsistent with the facts agreed to in this

23  agreement, this paragraph does not affect defendant's and the USAO's

24  obligations not to contest the facts agreed to in this agreement.

25      28.  Defendant understands that even if the Court ignores any

26  sentencing recommendation, finds facts or reaches conclusions

27  different from those agreed to, and/or imposes any sentence up to

28  the maximum established by statute, defendant cannot, for that

                                    17

1  reason, withdraw defendant's guilty pleas, and defendant will remain

2  bound to fulfill all defendant's obligations under this agreement.

3  Defendant understands that no one -- not the prosecutor, defendant's

4  attorney, or the Court -- can make a binding prediction or promise

5  regarding the sentence defendant will receive, except that it will

6  be within the statutory maximum.

7                         NO ADDITIONAL AGREEMENTS

8      29.  Defendant understands that, except as set forth herein,

9  there are no promises, understandings, or agreements between the

10  USAO and defendant or defendant's attorney, and that no additional

11  promise, understanding, or agreement may be entered into unless in a

12  writing signed by all parties or on the record in court.

13             PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

14      30.  The parties agree that this agreement will be considered

15  part of the record of defendant's guilty plea hearing as if the

16  entire agreement had been read into the record of the proceeding.

17  AGREED AND ACCEPTED

18  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA
19
    NICOLA T. HANNA
20  United States Attorney

21  *Andrew Brown*                              February 12, 2020
    _____              _____
22  ANDREW BROWN                               Date
    Assistant United States Attorney
23  *Saul Lamas*                               2/12/2020
    _____              _____
24  SAUL LAMAS-SANDOVAL                        Date
    Defendant
25  *[signature]*                              2/12/2020
    _____              _____
26  MELISSA WEINBERGER                         Date
    Attorney for Defendant
27  SAUL LAMAS-SANDOVAL

28

                                  18

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _2/12/2020_
SAUL LAMAS-SANDOVAL                        Date
Defendant


CERTIFICATION OF DEFENDANT'S ATTORNEY

I am SAUL LAMAS-SANDOVAL's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the

1   sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant

2   Sentencing Guidelines provisions, and of the consequences of

3   entering into this agreement.  To my knowledge: no promises,

4   inducements, or representations of any kind have been made to my

5   client other than those contained in this agreement; no one has

6   threatened or forced my client in any way to enter into this

7   agreement; my client's decision to enter into this agreement is an

8   informed and voluntary one; and the factual basis set forth in this

9   agreement is sufficient to support my client's entry of a guilty

10  plea pursuant to this agreement.

11

12  _____        2/12/2020
                                           _____
13  MELISSA WEINBERGER                     Date
    Attorney for Defendant
14  SAUL LAMAS-SANDOVAL

15

16

17

18

19

20

21

22

23

24

25

26

27

28